State v. West .

STATE OF NORTH CAROLINA v. RONALD MORRIS WEST

No. 759SC394

(Filed 15 October 1975)

1. Criminal Law § 148— guilty plea — no right of appeal
  There is no appeal of right from a plea of guilty. G.S. 15-180.2.

2. Criminal Law § 139— youthful offender — sentence to maximum and minimum terms — error
  The trial court erred in imposing a minimum as well as a maximum sentence on a youthful offender. G.S. 148-49.4.

APPEAL by defendant from *Judge Giles R. Clark*. Judgment entered 3 April 1975 in Superior Court, GRANVILLE County. Heard in the Court of Appeals 2 September 1975.

Defendant was charged with felonious breaking and entering of a building with the intent to commit a felony therein, to wit: larceny. From a plea of guilty, the defendant was sentenced to a term of imprisonment of not less than four nor more than six years as a committed youthful offender. From his plea of guilty, the judgment and commitment imposed, the defendant appealed.

Other facts necessary to render the opinion are cited below.

*Attorney General Edmisten, by Assistant Attorney General Robert G. Webb, for the State.*

*Royster & Royster, by T. S. Royster, Jr., for defendant appellant.*

MORRIS, Judge.

[1] G.S. 15-180.2 prohibits appeals from guilty pleas as a matter of right, but specifically provides for review by way of petition for a writ of certiorari. Counsel for the defendant candidly admits that his review of the record on appeal indicates no error in the trial, but requests that we review the record to determine whether the trial court committed prejudicial error. Because of error in the judgment, we choose to treat the appeal as a petition for a writ of certiorari which we have granted in order that we may review the record.

[2] Our review of the record reveals that although the trial upon a proper indictment was free from prejudicial error, the

court, in rendering judgment, erroneously imposed a minimum as well as a maximum sentence. Pursuant to G.S. 148-49.4, the trial court, at the time of commitment, ". . . *shall fix a maximum term* not to exceed the limit otherwise prescribed by law for the offense of which the person is convicted." (Emphasis supplied.) The judgment must, therefore, be vacated and the case remanded for the entry of a proper judgment.

Vacated and remanded for resentencing.

Judges VAUGHN and CLARK concur.